Hillsborough
No. 7943

RICHARD GARTHE

v.

MICHAEL MILLS, d/b/a REAL ESTATE PLUS

April 25, 1978

*New Hampshire Legal Assistance, Inc.*, of Nashua (*Jeffry A. Schapira* orally), for the plaintiff.

*Holland & Aivalikles*, of Nashua (*William M. Ladd* orally), for the defendant.

MEMORANDUM OPINION

This is an appeal from a finding of contempt entered against the defendant arising out of his failure to comply with an *ex parte* order of the court to allow the plaintiff to retrieve personal property from defendant's apartment building. Defendant asserts that the superior court is without jurisdiction to issue an *ex parte* order allowing plaintiff to reclaim his personal property inasmuch as such an order circumvents the normal requirements of notice and hearing provided by the replevin statute. RSA ch. 536-A. *Flynn*, J., transferred the defendant's exception to the contempt order.

Although we look askance at such *ex parte* orders, the central issue before us is factually similar to the case of *Nottingham v. Cedar Waters, Inc.*, 118 N.H. 282, 385 A.2d 851 (1978), decided this day. Because the court apparently entered a criminal contempt penalty, a $300 fine (not clearly payable to the complainant), following an indirect civil contempt proceeding, the court's order is vacated and remanded for disposition in accordance with the principles stated in *Nottingham v. Cedar Waters, Inc. supra.*

*Exception sustained; remanded.*